IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL RAYMOND NOBLES,              )
                                    )
        Plaintiff,                  )
                                    )
    -vs-                             )       Civil Action No. 14-149E
                                    )
CAROLYN W. COLVIN,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                    )
        Defendant.                   )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since October 15, 2008.[1]  (ECF No. 6-6, pp. 2, 11). Administrative Law Judge ("ALJ"), James J. Pileggi, held a hearing on November 7, 2012 and on July 26, 2012. (ECF No. 6-2, pp. 25-60). On November 26, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 14-21).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

---

[1] At the hearing, Plaintiff amended his alleged onset date to August 28, 2010, due to the filing of a prior application which was dismissed on August 27, 2010. (ECF No. 6-2, pp. 29-30).

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

2

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Residual Functional Capacity ("RFC")[2]

Plaintiff argues that the ALJ's determination of Plaintiff's RFC[3] is not supported by substantial evidence. (ECF No. 9, pp. 9-13). Specifically, Plaintiff argues the ALJ erred in determining the weight to be given to the medical opinion evidence. *Id.* Therefore, Plaintiff submits that remand is necessary. After a review of the evidence, I agree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §§ 416.927(c)(1); 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3] The ALJ found that Plaintiff has the RFC to perform sedentary work with certain limitations. (ECF No. 6-2, p. 17).

claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §§ 404.157(c)(2), 416.957(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §§ 416.927(c)(4), 404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

In this case, the ALJ evaluated all of the medical opinion evidence in a single paragraph.

(ECF No. 6-2, p. 19).

> As for the opinion evidence, I give great weight to the opinions of the State agency medical consultant because I find it to be well-supported and consistent with other substantial evidence of record as herein set forth. (Exhibits B1A, B2A). During a consultative examination in April 2011, the claimant exhibited a modestly decreased range of motion in the neck in every direction. (Exhibit B4F/3). The claimant did not exhibit much tenderness over the sacroiliac joints and he demonstrated good reflexes and adequate strength in his legs. (Exhibit B4F/3). Accordingly, I give great weight to the findings of the consultative examiner (Exhibit B4F/6-7, 8-9), but I impose greater limitations on the claimant in order to partially credit his subjective complaints. I have considered the opinion of Dr. Mohan, a treating source, that the claimant is disabled, but I ultimately give it little weight because Dr. Mohan fails to indicate any symptoms or associated limitations beyond the claimant's diagnosis. (Exhibit B3F, B4F/5).

(ECF No. 6-2, p. 19). I find this evaluation to be quite confusing.

The first opinion mentioned by the ALJ is the state agency medical consultant, V. Rama Kumar, M.D. (ECF No. 6-2, p. 19). The ALJ gave Dr. Kumar great weight. *Id.* However, the ALJ does not state any reasons why he gave Dr. Kumar's opinion great weight other than to say that he finds it to be "well-supported and consistent with other substantial evidence of record." (ECF No. 6-2, p. 19). This statement is nothing more than conclusory. An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). An ALJ must provide "an expression of the evidence s/he considered which supports the result…In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Carter v. Apfel*, 220 F.Supp.2d 393, 396 (M.D. Pa. 2000), *citing*, *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981), *rehearing denied*, 650 F.2d 481 (3d Cir. 1981). Based on the conclusory statement by the ALJ, I am unable to conduct a meaningful and proper review.

Furthermore, in his report, Dr. Kumar noted that "The medical source opinion of the nontreating source, John Nesbitt, M.D., in the report received 04/15/11, indicates that the claimant is disabled." (ECF No. 6-3, pp. 7, 15). This is an incorrect statement. In fact, Dr. Nesbitt indicated that he was provided a form from Dr. Mohan, Plaitniff's treating physician and

5

that form, which is in Dr. Nesbitt's file, indicated that Plaintiff was permanently disabled. (ECF No. 6-8, pp. 41-41). The ALJ fails to mention this incorrect statement. As such, I am unable to determine if the ALJ was aware of this incorrect statement.

Additionally, Dr. Kumar found that Dr. Nesbitt's opinion is "without substantial support from the other evidence of record, which renders it less persuasive;" but, then Dr. Kumar gives great weight and adopts the assessment of Dr. Nesbitt. (ECF No. 6-3, pp. 7, 15). This is nonsensical and, yet, the ALJ does not mention or discuss this obvious inconsistency.

Finally, Dr. Kumar states that Plaintiff has "***aggressively pursued treatment*** for his Ankylosing Spodylitis Si Joints, DJD L-spine and C-Spine….He has been prescribed, ***and taken***, appropriate medications for the alleged impairments." (ECF No. 6-3, pp. 7, 15)(emphasis added). I am unable to determine what evidence these statements are based upon. The records from Plaintiff's treating physician, Dr. Mohan, of November 4, 2009, states that Plaintiff never took the medications prescribed (MTX and Enbrel). (ECF No. 6-8, p. 21). Then, on September 22, 2010, the next record indicates that Plaintiff still had never taken MTX and intermittently only took Enbrel 5 times. It further indicates that Plaintiff had no good reason for not taking the medications. (ECF No. 6-8, pp. 14). As a result, Dr. Mohan noted that if Plaintiff "does not follow through on our recommendations [regarding medications] this time, I will plan on discharging him from the clinic." (ECF No. 6-8, p. 16). Additionally, Dr. Mohan noted that Plaintiff missed several appointments. (ECF No. 6-8, p. 14). In fact, the record indicates that Plaintiff only saw Dr. Mohan on November 4, 2009, and then not again until September 22, 2010. (ECF No. 6-8, pp. 14-27). Thus, I do not find the evidence to support the statements of Dr. Kumar that Plaintiff "aggressively pursued treatment" or that Plaintiff had taken the medications prescribed. Yet, the ALJ fails to mention or discuss the lack of supporting evidence for Dr. Kumar's opinion. To the contrary, the ALJ only states that Dr. Kumar's opinion is "well-supported and consistent with other substantial evidence of record" without more. (ECF No. 6-2, p. 19).

6

Based on the above, I cannot say that the ALJ's opinion, with regard to the opinions of Dr. Kumar and Dr. Nesbitt, is based on substantial evidence. I am unable to conduct a meaningful and proper review. Consequently, I find remand is necessary as to the opinions of Dr. Kumar[4] and Dr. Nesbitt.

Finally, Plaintiff argues that ALJ erred in giving little weight to the opinion of his treating physician, Dr. Mohan. (ECF No. 9, pp. 12-13). The ALJ gave Dr. Mohan's opinion little weight because Dr. Mohan "fails to indicate any symptoms or associated limitations beyond the claimant's diagnosis." (ECF No. 6-2, p. 19). Upon review, however, I find these reasons are not borne out by the record. Dr. Mohan clearly states her impressions of his symptoms which were based upon her examinations of Plaintiff and the objective medical evidence. (ECF No. 6-8, pp. 14-27). Consequently, remand is warranted with regard to Dr. Mohan as well.

Therefore, I am remanding for full and proper analysis of the medical opinion evidence.

An appropriate order shall follow.

---

[4] Plaintiff also suggests that the opinion of Dr. Kumar is outdated. (ECF No. 9, pp. 10-11). An ALJ is entitled to rely upon the findings of the state agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012). Thus, I find no error in relying on Dr. Kumar's opinion based on age of the opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL RAYMOND NOBLES, )
                                                          )
      Plaintiff, )
                                                          )
-vs- ) Civil Action No. 14-149E
                                                          )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
                                                          )
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of June, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is granted and Defendant's Motion for Summary Judgment (Docket No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                                        BY THE COURT:

                                                    s/ Donetta W. Ambrose
                                                       Donetta W. Ambrose
                                                       United States Senior District Judge